NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 2 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHAN FLORES FLORES,<br><br>        Petitioner,<br><br>    v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No.    19-73091<br><br>Agency No. A095 804 801<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 10, 2021[**]
Pasadena, California

Before:  R. NELSON and BADE, Circuit Judges, and HELLERSTEIN,[***] District Judge.

Johan Flores, a native and citizen of Honduras, petitions for review of a

Board of Immigration Appeals ("BIA") decision affirming an immigration judge's

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

("IJ") order denying Flores' application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Flores challenges the BIA's and IJ's (collectively, "Agency") determinations that he did not establish "changed circumstances" to explain the lateness of his petition. Flores also challenges the Agency's determination that he had not sufficiently established past or future persecution on the basis of a protected ground, and that he would not face torture due to the instigation or acquiescence of the Honduran Government. Flores also moves to remand to the Agency for consideration of his Motion to Terminate Proceedings based on a claim of a defective notice of hearing. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition and the motion to remand.

We review factual findings for substantial evidence. *See Lizhi Qiu v. Barr*, 944 F.3d 837, 842 (9th Cir. 2019). Where, as here, the BIA agrees with and incorporates specific findings of the IJ while adding its own reasoning, we review both decisions. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016).

Flores filed his petition for asylum more than a year after he entered the United States, and thus outside the period allowed by statute. 8 U.S.C.

§ 1158(a)(2)(B). The Agency found that Flores did not establish any changed circumstances that would constitute an exception to that requirement. The Agency held that Flores had not shown a change in circumstances from when he lived in Honduras and when he filed his petition for asylum, or that he filed his application "within a reasonable period" after any such changed circumstances. *See* 8 U.S.C. § 1158(a)(2)(B), 8 C.F.R. § 1208.4(a)(4). The Agency ruled that the instances of violence that Flores cited — "the threat of his cousin with a machete in 2004 and the shooting of another cousin in 2006 by gang members" — did not reflect a change in the conditions that had prevailed in Honduras.

Substantial evidence supports the Agency's determination. The Agency provided numerous "specific and cogent reasons," noting specific testimony and Flores' arguments. *See Shrestha*, 590 F.3d at 1042. The Agency decisions reflect that it "heard, considered, and decided" the issues raised by Flores. *See Rodriguez-Matamoros v. INS*, 86 F.3d 158, 160 (9th Cir. 1996).

Next, the Agency found that Flores was ineligible for withholding of removal because he showed neither past persecution, nor that "it is more likely than not that he . . . would be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion." *See also id.* § 208.16(b)(1), (2); 8 U.S.C. § 1231 (b)(3)(B). The gangs' extortions of Flores'

3

mother's bus business, and the threats and violence against Flores when quotas were not paid to the gangs, were not threats against a particular social group.

The Agency held that Flores was threatened, not because he was a member of the Flores family, but because he refused to pay a quota demanded by the gangs. When payments were made by other members of the Flores family, they were not threatened with violence. Flores did not establish that the harm that he and his family experienced, or was likely to experience, was on account of race, religion, nationality, membership in a social group, or political opinion. *See* 8 C.F.R. § 1208.16(b)(2); *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (holding that a petitioner must show that membership in a social group was "a reason" for the alleged persecution). As we have held, persecution motivated by monetary gain does not prove persecution based on a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

The definition of a particular social group is a question of law, which we review *de novo*. *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076 (9th Cir. 2020) (citing *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020)). Flores' proposed social group of small business owners encompasses too wide a range to be a particular social group. The Agency ruled correctly that the proposed group is

4

too amorphous to constitute a particular social group. *See Ochoa v. Gonzales,* 406 F.3d 1166, 1170-1171 (9th Cir. 2005), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc) (holding that "business owners in Colombia who rejected demands by narco-traffickers to participate in illegal activity" was too broad to qualify as a particular social group).

Flores also failed to establish that he would be persecuted on the basis of his political opinions. Flores did not select that choice on his asylum application and provided no evidence or testimony regarding his political opinions, or of a fear of future harm based on his political opinions. *See Kozulin v. INS*, 218 F.3d 1112, 1116-17 (9th Cir. 2000) (finding no evidence that attack on petitioner was motivated by his political opinion). Substantial evidence supports the Agency's finding that Flores will not suffer persecution on the basis of his political opinions.

We next review the Agency's denial of Flores' CAT claim. The Agency held that Flores had not established that any torture he may face upon his return to Honduras would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity" of the Honduran government. *See* 8 C.F.R. § 1208.18(a); *see also id.* § 1208.16(c)(2). The Agency considered the country conditions in Honduras reported within the 2016 Human Rights Report and found that Honduras had made efforts to reduce the "[p]ervasive societal violence." The Report further notes that while nationwide

5

violence persists, the government has made a concerted effort to punish officials who committed abuses.  The Agency found that these actions show that the government is not "willfully blind" to torture and is taking steps to combat such crimes.  *Del Cid Marroquin v. Lynch*, 823 F.3d 933, 937 (9th Cir. 2016) (per curiam) (explaining that "[a] government does not acquiesce to torture where the government actively, albeit not entirely successfully, combats the illegal activities") (internal quotation marks and citation omitted).  Because substantial evidence supports the Agency's finding that Flores did not establish a clear probability of future torture due to the acquiescence of the Honduran Government, Flores' CAT claim fails.

Finally, we review Flores' assertion that the BIA erred by failing to consider his motion to Motion to Terminate Proceedings.  Flores argues that the Agency lacked jurisdiction over his case because his Notice to Appear ("NTA"), served on him on September 14, 2009, failed to state a time or date for his hearing.  Flores argues that the subsequent Notice of Hearing ("NOH"), served on him on December 30, 2009, which provided the date, time, and location of his hearing, could not cure the deficiency.

Flores' argument is premised on two recent decisions of the U.S. Supreme Court: *Pereira v. Sessions,* 585 U.S. ___, 138 S. Ct. 2105, 2113-2114 (2018) and *Niz-Chavez v. Garland*, 593 U. S. ____, 141 S. Ct. 1474 (2021).  *Pereira* held that

for purposes of triggering the stop-time rule, "[a] putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a 'notice to appear under section 1229(a),'" 138 S. Ct. at 2113-14. *Niz-Chavez* then held that a "notice to appear" must contain all the statutorily required information about the noncitizen's removal hearing within one singular document in order to trigger the "stop-time" rule. 141 S. Ct. at 1484-86.

The Agency's failure to consider Flores' motion is harmless error. *Pereira* and *Niz-Chavez* are not jurisdictional. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160 (9th Cir. 2019) (holding that *Pereira* is inapplicable in the context of jurisdiction and explaining that Section 1229(a) does not discuss jurisdiction, only the notice necessary to trigger the "stop-time" rule); *see Niz-Chavez*, 141 S. Ct. at 1479. The initial NTA, dated September 14, 2009, did not include the date and time of the hearing; instead, it indicated that the date and time would be set at a later date. The subsequent NOH provided the correct time and place for Flores' hearing in a single document, curing the deficiencies of the original NTA. *See Karingithi*, 913 F.3d at 1160. Flores was represented by counsel who acknowledged the hearing dates, moved for continuances, and acknowledged proper service of the NTA. He was also provided notice of the time and date of any subsequent hearings. Flores was able to fully present his case, and as a result, suffered no prejudice. The motion to remand to the Agency for further

consideration is denied.

**PETITION DENIED.**